# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**CLAYTON A. PRICE,**
**Claimant Below, Petitioner**

**FILED**
December 20, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0459** (BOR Appeal No. 2046691)
(Claim No. 2003050785)

**WAL-MART ASSOCIATES, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Clayton A. Price, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wal-Mart Associates, Inc., by Karin L. Weingart, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 23, 2012, in which the Board affirmed an August 22, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 21, 2011, Order denying Mr. Price's request to reopen the claim for temporary total disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Price sustained an injury to his back while working for Wal-Mart Associates, Inc. on April 9, 2003. The claim was held compensable for strain/sprain of the lumbar region. Mr. Price was granted a 13% permanent partial disability award on February 10, 2004. The last medical expense in his claim was paid on September 27, 2004. Mr. Price filed an application to reopen his claim on March 14, 2011. The claims administrator denied Mr. Price's request to reopen the claim by finding that the five year statute of limitation had already passed.

1

The Office of Judges affirmed the claims administrator's March 21, 2011, Order and held that Mr. Price is not entitled to a reopening of the claim because his request was barred by West Virginia Code 23-4-16 (2005). Mr. Price disagrees and asserts that his current symptoms are a result of his 2003 compensable injury and therefore, he is entitled to a reopening of his claim. On the application to reopen the claim, the treating physician indicated that Mr. Price's current symptoms were not an aggravation or progression of an earlier injury. Wal-Mart Associates, Inc. maintains that Mr. Price has not demonstrated with reliable and credible evidence that he is entitled to a reopening of his claim.

The Office of Judges held that based on West Virginia Code § 23-4-16(a)(2) (2005), Mr. Price is not entitled to a reopening of his claim on a temporary total disability basis. The Office of Judges determined that Mr. Price's request for temporary total disability benefits was made more than five years after his claim was closed on a temporary total disability basis and after the last payment for his medical treatment. The Board of Review reached the same reasoned conclusions in its decision of March 23, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   December 20, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II